UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ISMAEL MOJICA,

    Plaintiff,                                     CASE NO.

vs.

THE SCHOOL BOARD OF
BROWARD COUNTY, FLORIDA
AND FELIPE BROWN,

    Defendants.
_____/

## COMPLAINT

This is a civil action seeking money damages in excess of $15,000, exclusive of costs, interest, and attorney's fees, against SCHOOL BOARD OF BROWARD COUNTY, FLORIDA and FELIPE BROWN, individually.

## SUMMARY OF THE CASE

1. DEFENDANT FELIPE BROWN, at all times material a teacher and employee of DEFENDANT SCHOOL BOARD OF BROWARD COUNTY, FLORIDA, physically attacked and used corporal punishment against his minor student, PLAINTIFF ISMAEL MOJICA, because DEFENDANT FELIPE BROWN believed PLAINTIFF ISMAEL MOJICA used language offensive to DEFENDANT FELIPE BROWN.

2. PLAINTIFF ISMAEL MOJICA thereby was subjected to constitutional deprivations of his constitutional rights under the Fourth and Fourteenth Amendments to be free from unlawful seizures of his person, his Fourteenth Amendment due process liberty rights protected by the U.S. Constitution, and battery.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Fourth Amendment and Fourteenth Amendment of the United States Constitution, and the laws of the State of Florida. The United States District Court for the Southern District of Florida has

Page **1** of **6**

jurisdiction of this action under 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. § 1331 and 28 U.S.C. § 1343. PLAINTIFF further invokes the supplemental jurisdiction of the United States District Court for the Southern District of Florida under 28 U.S.C. § 1367(a) to hear pendent State tort claims arising under State law, pursuant to U.S.C. § 1367(a).

4. PLAINTIFF presented his claims in writing to DEFENDANT SCHOOL BOARD OF BROWARD COUNTY, FLORIDA by means of a notice of claim letter in full satisfaction of Florida Statute § 768.28 within three (3) years of the accrual of the causes of action.

5. DEFENDANT SCHOOL BOARD OF BROWARD COUNTY, FLORIDA never made final disposition of the written claims of PLAINTIFF within six (6) months of their presentation.

## PARTIES

6. PLAINTIFF ISMAEL MOJICA (hereinafter PLAINTIFF) is presently a resident of Broward, Florida and is subject to the jurisdiction of this Court, and is *sui juris*.

7. At all times material, FELIPE BROWN (hereinafter DEFENDANT BROWN) was acting under color of law as an officer for DEFENDANT SCHOOL BOARD OF BROWARD COUNTY, FLORIDA.

8. DEFENDANT BROWARD COUNTY SCHOOL BOARD (hereinafter DEFENDANT SCHOOL BOARD), is a governmental entity, organized and existing under the Constitution and laws of the State of Florida, and is part of the state system of public education and includes all public school, classes, courses of instruction, and all services and activities directly related to public education in Broward County.

9. In this cause, DEFENDANT SCHOOL BOARD acted through its agents, employees, and servants, including DEFENDANT BROWN.

## FACTS

10. On May 8, 2015, while class was in session, PLAINTIFF was present in

DEFENDANT BROWN's classroom at Blanche Ely High School.

11. DEFENDANT BROWN believed he heard PLAINTIFF use foul language—more specifically, the word "nigga"—which offended DEFENDANT BROWN.

12. In response, DEFENDANT BROWN chased PLAINTIFF around the classroom, and upon making contact with PLAINTIFF, wrestled him to the ground, detained PLAINTIFF in a wrestling hold, and physically escorted PLAINTIFF out of the classroom.

13. The altercation occurred in front of a class full of students, one of whom recorded a video of the incident with a camera phone.

14. PLAINTIFF, a child at the time of the attack, suffered physical and emotional harm as a result of DEFENDANT BROWN's actions.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF 42 U.S.C. § 1983 AS AGAINST FELIPE BROWN

For her cause of action against DEFENDANT BROWN, individually, in Count I, PLAINTIFF states:

15. PLAINTIFF realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 14.

16. DEFENDANT BROWN's physical attack on PLAINTIFF, a child who DEFENDANT BROWN was supervising as a teacher at the time, is shocking to the conscience, arbitrary and egregious, and done for the purpose of causing physical harm, pain, suffering, and/or emotional or psychological trauma to PLAINTIFF in violation of and with deliberate indifference to his Fourteenth Amendment due process liberty rights protected by the U.S. Constitution, and his Fourth Amendment right to be free from seizures of his person.

17. As a direct and proximate result of DEFENDANT BROWN's misconduct, PLAINTIFF has suffered damages.

WHEREFORE, PLAINTFF seeks judgment in his favor and against

DEFENDANT BROWN, to pay all damages recoverable under law including the following:

    a)    Judgment for compensatory damages in excess of $15,000;

    b)    Judgment for exemplary damages;

    c)    Cost of suit;

    d)    Reasonable attorney's fees, pursuant to 42 U.S.C § 1988;

    e)    Trial by jury as to all issues so triable; and

    f)    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II

## BATTERY CLAIM BY PLAINTIFF AGAINST DEFENDANT BROWN, INDIVIDUALLY

For his cause of action against DEFENDANT BROWN, individually, in Count II, PLAINTIFF states:

18.    Plaintiff realleges and adopts, as if specifically stated in count II, the allegations of paragraphs 1 through 14.

19.    At all times material, DEFENDANT BROWN individually commenced a course of conduct such that he intended to touch or make contact with PLAINTIFF's body, actually touched PLAINTIFF's body, the contact was harmful or offensive, and occurred without PLAINTIFF's consent.

20.    Alternatively to the allegations set forth in Count III the said actions and conduct by DEFENDANT BROWN, individually, were committed outside the course and scope of his employment, or in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

21.    As a direct and proximate result of the battery, PLAINTIFF has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

22. As a further direct and proximate result of the battery, PLAINTIFF has further suffered physical injury, endured suffering and aggravation of his physical and mental condition and suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond, humiliation personally, and damage to her reputation.

WHEREFORE, PLAINITFF prays:

a) Judgment for compensatory damages in excess of $15,000;

b) Cost of suit;

c) Trial by jury as to all issues so triable; and

d) Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III

### BATTERY CLAIM BY PLAINTIFF AGAINST DEFENDANT SCHOOL BOARD OF BROWARD COUNTY

For his cause of action against DEFENDANT SCHOOL BOARD, in Count III, PLAINTIFF states:

23. Plaintiff realleges and adopts, as if specifically stated in count III, the allegations of paragraphs 1 through 14.

24. At all times material, DEFENDANT BROWN individually commenced a course of conduct such that he intended to touch or make contact with PLAINTIFF's body, actually touched PLAINTIFF's body, the contact was harmful or offensive, and occurred without PLAINTIFF's consent.

25. Alternatively to the allegations set forth in Count II, the said actions and conduct by DEFENDANT BROWN, individually, were committed in the course and scope of his employment, and not in bad faith and not with malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

26. As a direct and proximate result of the battery, PLAINTIFF has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering,

and damaged reputation.

27. As a further direct and proximate result of the battery, PLAINTIFF has further suffered physical injury, endured suffering and aggravation of his physical and mental condition and suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond, humiliation personally, and damage to her reputation.

WHEREFORE, PLAINITFF prays:

a) Judgment for compensatory damages in excess of $15,000;

b) Cost of suit;

c) Trial by jury as to all issues so triable; and

d) Such other relief as this Honorable Court may deem just and appropriate.

Respectfully submitted, this 12th day of January, 2017

RUDENBERG & GLASSER, P.A.
Counsel for PLAINTIFF
633 SE 3rd Avenue, Suite 4F
Ft. Lauderdale, FL 33301
t.(954) 463-9518
f.(954) 463-1245
erudenberg@gmail.com

By:   /s/ Eric Rudenberg
_____
ERIC RUDENBERG, ESQ.
Fla. Bar No. 0081992

## SERVICE LIST

School Board of Broward County
600 SE 3rd Ave
Fort Lauderdale, FL 33301

Felipe Brown
600 SE 3rd Ave
Fort Lauderdale, FL 33301